NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CESAR FRANCO, | |
| Plaintiff, | Civil Action No. 22-04398-MCA-AME |
| v. | |
| ARROW TRUCK SALES, INC., and NATIONAL TRUCK PROTECTION, INC., | REPORT and RECOMMENDATION |
| Defendants. | |

**ESPINOSA**, Magistrate Judge

  This matter comes before the Court upon the unopposed motion to remand [D.E. 14] filed by Defendant National Truck Protection, Inc. ("NTP") pursuant to 28 U.S.C. § 1447(c). The Honorable Madeline Cox Arleo, U.S.D.J., referred the motion for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). The Court has reviewed NTP's motion papers, as well as Plaintiff's complaint [D.E. 1-2], and Defendant Arrow Truck Sales, Inc.'s ("Arrow") notice of removal [D.E. 1], and considers the motion based on those filings. Fed. R. Civ. P. 78(b).

  For the following reasons, this Court recommends that NTP's motion to remand be granted.

**I. BACKGROUND**

  Plaintiff's claims in this case concern his purchases of a commercial truck from Arrow and an extended warranty for the truck from NTP. The case originated in the Superior Court of New Jersey, Union County, Law Division, Docket No. UNN-L001649-22. According to the complaint, Plaintiff is a New Jersey resident, Arrow is a corporation doing business in New

Jersey, and NTP is a corporation doing business in North Carolina. [D.E. 1-2].

Arrow removed the case to federal court in July 2022. In its notice of removal, Arrow described itself as incorporated and having a principal place of business in Missouri. [D.E. 1]. Accordingly, Arrow invoked federal subject matter jurisdiction under 28 U.S.C. § 1332, based on alleged diversity of citizenship. *Id.* In October 2022, Arrow filed a motion for leave to amend its answer to add certain affirmative and other defenses [D.E. 10]; that motion is unopposed and remains pending. In December 2022, NTP moved to remand the case to state court [D.E. 14], arguing that removal was erroneous because there is not complete diversity among the parties and that federal subject matter jurisdiction is lacking, as discussed further below.

## II.   DISCUSSION

### A.  Legal Standard

The federal removal statute permits a defendant to remove a civil action from state court to federal district court when the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Once the case has been removed, the court may remand it to state court under 28 U.S.C. § 1447(c) "if the removal was procedurally defective or subject matter jurisdiction is lacking." *Costa v. Verizon N.J., Inc.*, 936 F. Supp. 2d 455, 458 (D.N.J. 2013). The removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

Original jurisdiction based on diversity of citizenship exists where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different states." 28 U.S.C. § 1332(a). As long ago established in *Strawbridge v. Curtiss*, 7 U.S. 267 (1806), complete diversity is required; thus, all plaintiffs must be citizens of

2

different states than all defendants. For purposes of diversity jurisdiction, a corporation is deemed to be a citizen both of the state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

### B. Analysis of Diversity Jurisdiction

NTP contends that the Court cannot exercise diversity jurisdiction over this case because there is not complete diversity between itself and Plaintiff. Plaintiff alleges that he is a New Jersey resident [D.E. 1-2] and, in its motion papers, NTP provided the Court with a copy of its certificate of incorporation issued by the State of New Jersey [D.E. 14-2]. Accordingly, NTP and Plaintiff are not diverse, complete diversity is lacking, and the Court cannot exercise diversity jurisdiction here.

### III. CONCLUSION

The absence of federal subject matter jurisdiction requires remand. Accordingly, this Court respectfully recommends that NTP's motion to remand [D.E. 14] this action to the Superior Court of New Jersey, Union County, Law Division be granted, and that Arrow's motion to amend its answer [D.E. 10] be denied without prejudice as moot.

 /s/ *André M. Espinosa*
ANDRÉ M. ESPINOSA
United States Magistrate Judge

Dated:  January 24, 2023